# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8115 | **DATE** | 7/30/2003 |
| **CASE TITLE** | Tanzer vs. Art Institute of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER. The Art Institute's motion to dismiss the complaint is denied. Status hearing set for 8/13/03 at 11:00am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 0 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARINA TANZER,                )
                              )
        Plaintiff,             )
                              )    02 C 8115
    v.                         )
                              )
                              )    Judge George Marovich
THE ART INSTITUTE OF          )
CHICAGO,                      )
                              )
        Defendant.             )

MEMORANDUM OPINION AND ORDER

Plaintiff Marina Tanzer ("Tanzer") filed a one-count Complaint against The Art Institute of Chicago (the "Art Institute") alleging a claim for retaliatory discharge. The Art Institute now moves to dismiss the lawsuit pursuant to Fed R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied.

DOCKETED
AUG 0 1 2003

BACKGROUND

The Complaint alleges the following relevant facts which, for purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). Tanzer was an employee of The Art Institute from October 8, 2000 through June 7, 2001. Tanzer served as the Assistant Director of Development for the Gene Siskel Film Center of the School of the Art Institute of Chicago (the "Film Center"). In April 2001, Bill Siskel offered a donation to

the Film Center in honor of his late brother, Gene, on behalf of the Siskel family. Bill Siskel specified that his gift would require all of the family members' names to appear on the Film Center's donor wall. Tanzer knew that having all of the family members' names on the donor wall would have been contrary to the Art Institute's policy of "one gift, one name". Before she committed to the Siskel family's wish, she asked Tony Jones, President of the School of the Art Institute, Barbara Scharres ("Scharres"), Director of the Siskel Film Center, Elizabeth Range Kiely ("Kiely"), Vice President of Development, Alice Dubose, Vice President of Development of the Art Institute, and Ed Horner, Executive Vice President of Development if this would be acceptable. None of these individuals objected to this request, so Tanzer notified the family it would be permissible to have all of the family names' on the wall.

On May 29, 2001, two days before the dedication of the film center, Kiely, Tanzer's direct supervisor berated her for having all of Bill's family members' names on the donor wall. Kiely instructed Tanzer to have the wall designer remove most of the names before the ceremony. Scharres requested that Tanzer "steer . . .Gene Siskel's widow. . . away from the donor wall during the press preview." (Compl. ¶ 24). Tanzer was instructed to contact the family members before the dedication ceremony and inform the family that

most of the names would have to be removed. If any family members inquired about their names not being on the dedication wall, Tanzer was instructed to tell them "the names just fell off." (Compl. ¶ 26).

Tanzer refused to do what Kiely and Scharres instructed her to do, citing personal and ethical reasons. Tanzer then advised Kiely and Scharres that what they were asking her to do was wrong and violated the <u>Associated Fundraising Professional Guidelines</u> ("<u>AFPG</u>"). (The <u>AFPG</u> required that there be time for the Siskel family to meet and discuss any alterations that might be made to their gift.) However, these requests were ignored, and on the day of the dedication Tanzer was instructed to leave the premises. Tanzer's employment with The Art Institute was suspended and she was subsequently terminated "for failing to follow work related instructions." (Compl. ¶ 40).

DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. <u>Wilson v. Formigoni</u>, 42 F.3d 1060, 1062 (7th Cir. 1994). Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must identify the basis of jurisdiction and contain "a short and plain

statement of the claim showing that the pleader is entitled to relief". Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). Dismissal is proper only if it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Plaintiff is not, however, entitled to allege mere legal conclusions. Kunick v. Racine County, 946 F.2d 1574, 1579 (7th Cir. 1991). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). However, the complaint does not need to contain all of the facts that will be necessary to prevail. Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003). With these principles in mind, we turn to the motion presently before the court.

II. Retaliatory Discharge

The single count of Tanzer's Complaint alleges that she was discharged from her employment with the Art Institute in retaliation for her refusal to comply with their instructions that she remove the family members' names from the donor wall. "Illinois follows the common-law doctrine that employment-at-will means termination-at-will and is presumed to exist whenever an employee is hired without a fixed term." O'Regan v. Arbitration Forums, Inc., 121 F.3d

1060, 1063 (7th Cir. 1997). In Illinois, the tort of retaliatory discharge is a narrow exception to that rule. Id. It requires three elements: (1) the plaintiff was discharged; (2) the plaintiff's discharge was in retaliation for her activities; and (3) the discharge violated a clear mandate or public policy. Id. Tanzer and the Art Institute agree that Tanzer was discharged in retaliation for her activities. The Art Institute does not believe, however, that the discharge violates a clear mandate of public policy.

Although there is no precise definition of the term public policy, the Illinois Supreme Court has stated:

> "In general, it can be said that public policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions. . . [A] matter must strike at the heart of a citizen's social rights, duties, and responsibilities before the tort will be allowed."

Palmateer v. Int'l Harvester Co., 421 N.E.2d 876, 878 (1981).

Illinois has recognized retaliatory discharge claims when employees are fired for filing workers' compensation

claims or for blowing the whistle on clear-cut law violations. O'Regan, at 1064. The Illinois Supreme Court first carved out a retaliatory discharge exception for the Workers' Compensation Act in Kelsay v. Motorola, Inc., 74 Ill.2d 172 (1978), and has now expanded that exception to include cases where individuals have aided law enforcement agencies or reported the illegal or improper conduct of their employers. Buckner v. Atlantic Plant Maintenance, Inc., 694 N.E.2d 565, 568 (1981); Palmateer, 421 N.E.2d 876, 880.

Cases that Illinois has allowed actions for retaliatory discharge include Palmateer, 421 N.E.2d 876 (1981) (an employee terminated for assisting with law enforcement agencies in the investigation of his co-worker); Johnson v. World Color Press, 147 Ill.App.3d 746 (an employee terminated for disclosing criminal and civil violations of federal securities laws); Petrik v. Monarch Printing Corp., Ill. App. 3d 502 (1982) (an employee terminated for reporting criminal conduct to supervisors instead of law enforcement personnel); and Kelsay v. Motorola, 384 N.E.2d 353 (1978)(an employee fired for filing a workers' compensation claim).

However, they have _not_ allowed the claim of retaliatory discharge in Gould v. Campbell's Ambulance Service, 488 N.E.2d 993 (an employee terminated for voicing concern that

a co-employer was not certified pursuant to a city ordinance); Lambert v. City of Lake Forest, 186 Ill. App. 3d 937 (an employee fired for refusing to lie to an investigator and an attorney in an entirely internal city investigation); and Fellhauer v. City of Geneva, 588 N.E.2d 870 (a city manager fired by the mayor for refusing to perform his official duties improperly for the political benefit of the mayor). In sum, "the cause of action [has been] allowed where the public policy is clear, but [has been] denied where it is equally clear that only private interests are at stake." Palmateer, at 878-79.

The Seventh Circuit has held that "only when such terminations would have a wide reaching effect on the public at large and involve an important public policy that goes 'to the heart of a citizen's social rights, duties, and responsibilities,' do they reach the level of the narrowly crafted retaliatory discharge exception." Long v. Commercial Carriers, Inc., 57 F.3d 592, 595 (7th Cir. 1995) (quoting Fellhauer v. City of Geneva, 142 Ill.2d 495 (1991)). An important public policy in Illinois favors employees exposing what they feel are crimes by their employers. Belline v. K-Mart Corp., 940 F.2d 184, 188 (7th Cir. 1991). For purposes of Illinois law, all that matters is that when Tanzer reported the conduct to her supervisors, she <u>reasonably</u> believed they were engaging in an unlawful or

illegal act. Bourbon v. K-Mart Corp., 223 F.3d 469, 473 (7th Cir. 2000). Tanzer's Complaint alleges that she spoke with her supervisors, Kiely and Scharres, and told them what they were requesting of her was wrong. Tanzer's claim does not turn on whether the irregular conduct she reported was actually criminal. Belline, at 189. Public policy favors Tanzer exposing her supervisor's **apparently** criminal activity. Id. That the conduct is proved to be legitimate and authorized at a later day is not material. Id.

Tanzer's complaint alleges that she refused to remove certain names off the donor wall for ethical concerns and reservations. Tanzer's refusal to do so was accompanied by an advisement that if the Art Institute was going to remove the Siskel family names from the wall, then the Art Institute needs to notify the family so they can discuss any alterations to their gift. Tanzer's supervisors were not willing to comply with these regulations. Instead, they directed Tanzer to remove the Siskel family names from the donor wall the day of the dedication.

The issue is not whether the acts the Art Institute requested that Tanzer commit were illegal or criminal. The issue is whether Tanzer could have reasonably thought these requests were improper or illegal acts. It is possible, as Tanzer claims, that she believed the Art Institute would be committing a type of fraud. The Art Institute accepted a

gift from the Siskel family, conditioned upon <u>all</u> of the Siskel family members' names being displayed on the donor wall. Then the Art Institute tried to change the agreement, without consulting with the donors and when it would be too late for the donors to do anything if there was a change. Under these circumstances, a reasonable person may think the Art Institute was committing some type of fraudulent activity. This Court is not making a determination that fraud was involved. Rather, as the facts have been put forth in the complaint, it is possible that Tanzer believed there may have been fraud. Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, Tanzer has alleged enough to survive a motion to dismiss.

## Conclusion

For the reasons set forth above, The Art Institute's motion to dismiss the Complaint is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: 7/30/03